UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 20-62373-CIV-CANNON

IN THE MATTER OF:

THE COMPLAINT OF JAY JANSSEN,
AS OWNER OF THE 2014 47' AZIMUT
M/V QUIXOTIC (ON: 1251992), ITS ENGINES,
TACKLE, APPURTENANCES, EQUIPMENT, ETC.,
IN A CAUSE OF EXONERATION FROM OR LIMITATION
OF LIABILITY,

    Petitioner.
_____/

## ORDER GRANTING DEFAULT FINAL JUDGMENT

**THIS CAUSE** comes before the Court upon Petitioner Jay Janssen's Motion for Entry of Final Default Judgement [ECF No. 14], filed on May 5, 2021. A Clerk's Default [ECF No. 12] was entered against potential unknown claimants on April 30, 2021, because no claims were filed by the April 19, 2021, monition deadline. The Court has carefully considered the Motion, the record, applicable law, and is otherwise fully advised. For the reasons set forth below, Petitioner Jay Janssen's Motion for Entry of Final Default Judgement [ECF No. 14] is **GRANTED**.

**I.**

On November 20, 2020, Petitioner initiated this action pursuant to Supplemental Rule F of the Federal Rules of Civil Procedure and 46 U.S.C. § 30501 *et seq*., the Shipowner's Limitation of Liability Act, by filing a Complaint for Exoneration from or Limitation of Liability [ECF No. 1] ("Complaint"). Petitioner claimed a right to be exonerated from or have liability limited for all potential claims arising from an August 10, 2019, incident involving the 2014 47' Azimut M/V QUIXOTIC (ON: 1251992) (the "Vessel") [ECF No. 1 ¶7]. This incident resulted in injuries to one or more passengers on board the Vessel [ECF No. 1 ¶8]. Petitioner later filed an *Ad Interim* Stipulation for Costs and Value [ECF No. 3] and a Motion to Approve *Ad Interim* Stipulation and

Enter Monition and Injunction [ECF No. 4]. On November 23, 2020, the Court entered an Order Approving Petitioner's *Ad Interim* Stipulation [ECF No. 6] and directing issuance of the Monition, as well as an Order of Monition and Injunction [ECF No. 7]. In the Orders, the Court also directed Petitioner to publish notice of the Monition in "The Sun-Sentinel," in compliance with Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, ("Supplemental Rule F"), notifying all unknown potential claimants to file their claims no later than April 19, 2021 or be defaulted [ECF Nos. 6, 7].

On April 20, 2021, consistent with Local Admiralty Rule F(2), S.D. Fla. L. Adm. and Maritime. R. F(2), Petitioner filed a Notice of Filing Affidavit of Publication [ECF No. 10], in compliance with the Court's November 23, 2020 Orders [ECF Nos. 6, 7]. The Notice showed that the required notice to unknown potential claimants was published in the Sun-Sentinel for four consecutive weeks, specifically the weeks of December 4, 2020; December 11, 2020; December 18, 2020, and December 25, 2020 [ECF No. 10 p. 3].

The monition deadline of April 19, 2021 has expired, and no claims were filed during that period. Petitioner filed a Motion for Clerk's Entry of Default Against Unknown Potential Claimants [ECF No. 11], for failure to claim, defend, or otherwise prosecute their claims, and the Clerk of Court entered default on April 30, 2021 as to all unknown potential claimants [ECF No. 12]. Petitioner now seeks a final default judgment of exoneration from liability as to all potential claimants that failed to file a claim by the Court's April 19, 2021 monition deadline [ECF No. 14].

**II**.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. Courts follow the same default judgment procedure in cases under the Limitation of Liability Act. *See In re Albergo*, 17-cv-61281, 2017 WL 9362584, at *1 (S.D. Fla. Oct. 3, 2017) ("Courts follow this same [final default judgment] procedure in cases under the Limitation of Liability Act"); *Matter*

*of Compl. of Wild Fla. Airboats, LLC*, 6:16–cv–2207, 2017 WL 3891777, at *2 (M.D. Fla. Aug. 29, 2017), report and recommendation adopted sub nom, 2017 WL 3877598 (M.D. Fla. Sept. 5, 2017) (entering default judgment against potential claimants that failed to file a claim by the monition deadline). A petitioner, however, first must comply with the applicable rules for admiralty or maritime claims to secure a Final Default Judgment.

> Supplemental Rule F(5) provides:
>
> Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule . . . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Fed. R. Civ. P. Supplemental Adm. R. F(5) (alteration added). Additionally, Supplemental Rule F(4) provides as follows:

> Upon the owner's compliance with subdivision (1) of this rule the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice . . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

*Id*. (alterations added).

"Thus, default judgment may be entered against any potential claimant who has failed to respond to a notice of a complaint for exoneration from or limitation of liability by the deadline 'provided that the notice complies with the rules and is: 1) sent to every person known to have made any claim against the vessel at issue; and 2) published in a newspaper once a week for four consecutive weeks prior to the date fixed for the filing of claims.'" *In re Albergo*, 2017 WL

9362584, at *2 (quoting *Matter of Complaint of Wild Fla. Airboats, LLC*, No. 616CV2207ORL31GJK, 2017 WL 3891777, at *2-3 (M.D. Fla. Aug. 29, 2017), report and recommendation adopted *sub nom. In re Wild Fla. Airboats, LLC*, No. 616CV2207ORL31GJK, 2017 WL 3877598 (M.D. Fla. Sept. 5, 2017)).

In this case, Petitioner complied with the notice requirements and the Court's November 23, 2020 Order [ECF No. 6] by timely publishing the required notice of the applicable filings in the "Sun-Sentinel" once a week for four consecutive weeks [ECF No. 10 (Petitioner's Notice of Filing Affidavit of Publication with Sun-Sentinel)], in compliance with Supplemental Rule F(4). The deadline for the filing of any claims—April 19, 2021—has expired and no claims were filed as required by Supplemental Rule F(5).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner Jay Janssen's Motion for Entry of Final Default Judgement [ECF No. 14] is

    **GRANTED**.  Final judgment will be entered by separate Order.

2. The Court reserves jurisdiction to enter further orders as deemed proper.

3. The Clerk is instructed to mark the case as **CLOSED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 14th day of May 2021.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**